

# Notice of Service of Process

| | |
|---|---|
| Primary Contact: | SOP Team nwsop@nationwide.com<br>Nationwide Mutual Insurance Company<br>1 Nationwide Plz<br>Columbus, OH 43215-2226 |
| Electronic copy provided to: | Ashley Roberts |
| Entity: | AMCO Insurance Company<br>Entity ID Number 0115190 |
| Entity Served: | Amco Insurance Company |
| Title of Action: | East End Lofts Condominium Association, Inc. vs. Allied Insurance Co Of America |
| Matter Name/ID: | East End Lofts Condominium Association, Inc. vs. Allied Insurance Co Of America (17630976) |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Davidson County Chancery Court , TN |
| Case/Reference No: | 25-0888-IV |
| Jurisdiction Served: | Iowa |
| Date Served on CSC: | 07/21/2025 |
| Answer or Appearance Due: | 30 days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Thompson Burton PLLC<br>n/a |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

| STATE OF TENNESSEE 20ᵀᴴ JUDICIAL DISTRICT CHANCERY COURT | SUMMONS | CASE FILE NUMBER 25-0888-IV |
|---|---|---|

| PLAINTIFF | DEFENDANT |
|---|---|
| East End Lofts Condominium Association, Inc. | Allied Insurance Co of America; Amco Insurance Company; Nationwide Mutual Insurance Company |

**TO:** (NAME AND ADDRESS OF DEFENDANT)

Amco Insurance Company
C/O Registered Agent:
Corporation Service Company
505 5th Ave, Ste 729
Des Moines, IA 50309

Method of Service:

- ☑ Certified Mail
- ☐ Davidson Co. Sheriff
- ☐ *Comm. Of Insurance
- ☐ *Secretary of State
- ☐ *Out of County Sheriff
- ☐ Private Process Server
- ☐ Other

List each defendant on a separate summons.

*Attach Required Fees

YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.

| Attorney for plaintiff or plaintiff if filing Pro Se: (Name, address & telephone number) Joshua Lee Thompson Burton PLLC 1801 West End Ave, Suite 1550 Nashville, TN 37203 615-375-0390 | FILED, ISSUED & ATTESTED FOR CLERK USE ONLY 7/9/2025 MARIA M. SALAS, Clerk and Master By: 1 Public Square Suite 308 Nashville, TN 37201 /s/Bettie J Ross Deputy Clerk & Master |
|---|---|

**NOTICE OF DISPOSITION DATE**

The disposition date of this case is twelve months from date of filing. The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18.

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| TO THE SHERIFF: | DATE RECEIVED |
|---|---|
| | Sheriff |

***Submit one original plus one copy for each defendant to be served.

ↄADA Coordinator, Maria M. Salas (862-5710)

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows: (Name of Party Served) _____

☐ Served _____  ☐ Not Found
☐ Not _____  ☐ Other _____
   Served

| Date of Return: | By: |
|---|---|
| Agency Address: | Sheriff/or other authorized person to serve process |

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____ 20___, I sent, postage prepaid, by registered return

receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____ to

the defendant _____ . On the ___ day of _____ , 20___, I received the return

receipt, which had been signed by _____ on the _____ day of _____ 20

The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| Sworn to and subscribed before me on this _____ day of _____ , 20___ . <br><br> Signature of _____ Notary Public or _____ Deputy Clerk <br><br><br> My Commission Expires: _____ | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process. |
|---|---|

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Mail list to:  Clerk & Master
I Public Square
Suite 308
Nashville TN 37201

Please state file number on list.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

## CERTIFICATION (IF APPLICABLE)

| I, Maria M. Salas, Clerk & Master of the Chancery Court in the State of Tennessee, Davidson County, do certify this to be a true and correct copy of the original summons issued in this case. | MARIA M. SALAS, Clerk & Master <br><br> By: /s/ Bettie J Ross <br> D.C. & M. |
|---|---|

IN THE CHANCERY COURT FOR DAVIDSON COUNTY, TENNESSEE

EAST END LOFTS CONDOMINIUM )
ASSOCIATION, INC., )
           )
   Plaintiff, )
           )    Case No. _____
v. )
           )
ALLIED INSURANCE CO OF AMERICA, )
AMCO INSURANCE COMPANY, )
NATIONWIDE MUTUAL INSURANCE )
COMPANY, )
           )
   Defendants.

## COMPLAINT

Comes now Plaintiff East End Lofts Condominium Association, Inc. ("East End"), by and through counsel, and for its claims against Defendants Allied Insurance Co of America, Amco Insurance Company, Nationwide Mutual Insurance Company (collectively, "Allied") states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff East End is a homeowners association for a condominium located in East Nashville in Davidson County, Tennessee.

2. Defendant Allied Insurance Co of America is, upon information and belief, an insurance company transacting business in Tennessee, with a physical address of 1100 Locust St., Dept. 1100, Des Moines, IA 50391.

3. Defendant Amco Insurance Company is, upon information and belief, an insurance company transacting business in Tennessee, with a physical address of 1100 Locust St., Dept. 1100, Des Moines, IA 50391.

1

4. Defendant Nationwide Mutual Insurance Company is, upon information and belief, an insurance company transacting business in Tennessee, with a physical address of 1100 Locust St., Dept. 1100, Des Moines, IA 50391.

5. Jurisdiction and venue are proper in this Court, as the real property that is the subject of this action is located in Davidson County, Tennessee, Defendants transact business in Davidson County, Tennessee, and the causes of action against the Defendants arose in Davidson County, Tennessee.

## FACTUAL ALLEGATIONS

6. Plaintiff East End is the homeowners association for a condominium development in East Nashville, located at 926 Woodland Street (the "Building").

7. East End obtained a property insurance policy from Allied (through Allied Insurance Co of America) covering the property and an umbrella policy (through Amco Insurance Company) providing additional coverage.

8. Upon information and belief, all Allied entities are operating through and as part of Nationwide Mutual Insurance Company.

9. At all relevant times hereto, East End's policy with Allied was in full force and effect, and Allied has a copy of the insurance policy.

10. The Building is four stories and was built in 2007.

11. East End discovered damage to the brick parapet walls that surround the balconies of the units on the fourth floor.

12. East End engaged an engineering firm to determine the extent of the damage and the cause of the damage.

2

13. According to the engineering firm, the damage was caused by the 2020 tornado that impacted East Nashville which had documented sustained winds of 160 miles per hour.

14. East End obtained a bid for making the necessary repairs in March of 2025, which estimated the total cost of repair to be at least $1,151,487.30.

15. East End engaged a public adjustor to submit its claim to Allied.

16. The public adjustor submitted all of the documentation for East End's claim on April 14, 2025, including the engineer's report, the estimate of repair, photographs, and the signed proof of loss.

17. Allied summarily denied the claim a few days later, on April 17, 2025.

18. East End complied with all of its requirements under the insurance policies, and the damage resulting from the 2020 tornado was a covered loss.

## COUNT I – BREACH OF CONTRACT

19. Plaintiff hereby alleges and incorporates herein the allegations contained in the foregoing paragraphs.

20. The insurance policy between East End and Allied is a contract and is supported by valid consideration. The policy provided insurance coverage for loss or damage to the Building.

21. The insurance policy provides coverage for all direct physical loss to the Building unless the loss falls under an exclusion or limitation.

22. No exclusion or limitation applies to the damage caused by the 2020 tornado.

23. Allied wrongfully denied East End's claim.

24. Allied is in total, material breach of the Policy, and Allied is liable to East End under the insurance policy as a result of the damage and its failure to fulfill its contractual obligations.

3

25. As a result of Allied's breach of contract, East End has sustained substantial compensable losses for the amounts claimed under the insurance policy, as well as money damages for economic losses and other numerous and assorted incidental and consequential damages to be proven at trial. Allied is liable to East End for its damages.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS:

1. That this Complaint be filed, and that proper process issue and be served upon the Defendants, requiring Defendants to answer within the time prescribed by law;

2. That a judgment be entered in favor of the Plaintiff against Defendants in an amount to be proven at trial but not less than the cost of repairs which is estimated to be at least $1,151,487.30;

3. That the costs of this proceeding be taxed to the Defendants;

4. That Plaintiff be awarded pre-judgment and post-judgment interest at the highest rate allowed by law; and

5. That the Court award Plaintiff such other relief as the Court may deem just and proper.

4

Dated: June 25, 2025

Respectfully submitted,

/s/ Joshua C. Lee
**JOSHUA C. LEE, (No. 30227)**
**JOHN NEFFLEN, (No. 20226)**
THOMPSON BURTON PLLC
1801 West End Avenue, Suite 1550
Nashville, TN 37203
Telephone: (615) 375-0390
Facsimile: (615) 807-3048
Joshua.lee@thompsonburton.com
john.nefflen@thompsonburton.com
*Attorneys for Plaintiff*

5

**CERTIFIED MAIL**



**Thompson Burton PLLC**
1801 West End Avenue, Suite 1550
Nashville, Tennessee 37203